# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROCKET MORTGAGE, LLC,

                Plaintiff,

v.

EVEREST LENDING GROUP, LLC,
ARPITKUMAR PATEL and KAMAL
DHAKAL,

                Defendants.

Case No. 23-10575
Hon. Laurie J. Michelson
Magistrate Judge Anthony P. Patti

---

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST
## ARPITKUMAR PATEL AND KAMAL DHAKAL

Pursuant to Fed. R. Civ. P. 55(b)(2), Plaintiff, ROCKET MORTGAGE, LLC

("Plaintiff" or "Rocket Mortgage") moves this Court to enter a Default Judgment in

its favor and against Defendants, ARPITKUMAR PATEL and KAMAL DHAKAL

(hereinafter referred to collectively as "the Individual Defendants"), due to the

Individual Defendants' failure to defend this action.  This Motion seeks no relief

against Everest Lending Group, LLC ("Broker"), which remains in bankruptcy.  In

support of this Motion, Rocket Mortgage relies on the attached brief in support and

accompanying exhibits.

04077974 v1

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment by default against the Individual Defendants, severally, in the amount of $282,223.29 against Dhakal and in the amount of $189,596.71 against Patel.

Dated:          December 6, 2024          Respectfully submitted,

/s/ Matthew Mitchell
Matthew Mitchell (P69810)
Maddin, Hauser, Roth & Heller, P.C.
One Towne Square, Fifth Floor
Southfield, MI 48076
(248) 827-1874
mmitchell@maddinhauser.com
Attorneys for Rocket Mortgage, LLC

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROCKET MORTGAGE, LLC,

            Plaintiff,

v.

EVEREST LENDING GROUP, LLC,
ARPITKUMAR PATEL and KAMAL
DHAKAL,

            Defendants.

Case No. 23-10575
Hon. Laurie J. Michelson
Magistrate Judge Anthony P. Patti

---

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST ARPITKUMAR PATEL AND KAMAL DHAKAL

## <u>STATEMENT OF ISSUE PRESENTED</u>

The Court entered a default against the Defendants, ARPITKUMAR PATEL ("Patel") and KAMAL DHAKAL ("Dhakal") (hereinafter referred to collectively as "the Individual Defendants") due to their failure to appear and/or otherwise defend this matter following the withdrawal of their prior counsel.  Therefore, the issue presented is whether the Court should enter a default judgment in favor of Rocket Mortgage and against the Individual Defendants pursuant to Fed. R. Civ. P. 55(b)(2)?

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed. R. Civ. P. 55(b)(2)

## <u>TABLE OF CONTENTS</u>

### <u>Contents</u>

STATEMENT OF ISSUES PRESENTED…………………………………………..i

CONTROLLING OR MOST APPROPRIATE
AUTHORITY……………………………………………………………………..ii

TABLE OF AUTHORITIES……………………………………………………...iv

SUMMARY OF MOTION………………………………………………………...1

FACTUAL BACKGROUND………………………………………………………..2

STANDARD OF REVIEW……………………………………………………4

LIABILITY ………………………………………………………………….4

DAMAGES AND RELIEF REQUESTED ……………………………………6

# INDEX OF AUTHORITIES

## *Cases*

*Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-111 (6th Cir. 1995)……………......4

*Attorney Gen. v. Ankerson*, 148 Mich. App. 524, 557; 385 N.W. 2d 658 (1986)…………………………………………………………………......5

*Fagerberg v. LeBlanc*, 164 Mich. App. 349, 357; 416 N.W.2d 438 (1987)….....…...7

*Ford Motor Co. v. Cross,* 441 F. Supp.2d 837, 848 (E.D. Mich. 2006) …………. 4

*Hartman & Eichhorn Bldg. Co., Inc. v. Dailey*, 266 Mich. App. 545, 549; 701 N.W.2d 749 (2005)………………………………………………………………5

*Prime Rate Premium Finance Corporation v. Larson*, 226 F.Supp.3d 858, 868 (ED. Mich. 2016)…………………………………………………………...………….6

*Paquin v. Van Houtum*, 343 Mich. 111, 123; 72 N.W.2d 169 (1955)………..……7

*Warren Tool Co. v. Stephenson*, 11 Mich. App. 274, 300; 161 N.W.2d 133 (1968)………………………………………………………………......5

## Other Authorities

24 Am.Jur., Fraud and Deceit, § 227……………………………………...…..6

## Rules

Fed. R. Civ. P. 4(h)(1)(B)………………...……………………………….......3

Fed. R. Civ. P. 55(b)(2)……………………………...……...…………….i,1,2,4

## <u>SUMMARY OF MOTION</u>

This Motion seeks entry of a default judgment against the Individual Defendants on Count IV (Fraud) of Plaintiff, Rocket Mortgage, LLC's ("Plaintiff" or "Rocket Mortgage") First Amended Complaint.  [First Amended Complaint, PageID.133-134].[1]  In its First Amended Complaint, the facts therein which are now admitted for purposes of this Motion by virtue of the Individual Defendants' default, Plaintiff alleges that each Individual Defendant personally and willfully participated in mortgage fraud against Rocket Mortgage.   [First Amended Complaint, PageID.125-126, at ¶¶ 19-20, 22].

The misrepresentations of the Individual Defendants caused Rocket Mortgage to incur significant financial loss, including due to Plaintiff being forced to repurchase the subject loans from its investors, pay fees in connection with same, and/or sell the loans on the secondary market at a discount due to the defects created by the Individual Defendants' fraud.  Plaintiff's well-pled First Amended Complaint, as well as the Declaration of Renee Samet attached hereto as **Exhibit A** ("Plaintiff's

---

[1] As set forth in ¶¶ 6, 8 of the First Amended Complaint, this Court has both subject matter jurisdiction and general and specific jurisdiction over the Defendants. [PageID.117].  As to personal jurisdiction, Plaintiff has alleged that the Individual Defendants personally and knowingly submitted the fraudulent applications and supporting documents to Rocket Mortgage for underwriting in and funding from Michigan, thus transacting business in Michigan and further causing "an act to be done, or consequences to occur, in the state resulting in an action for tort."  *See* Mich. Comp Laws § 600.705(1)-(2).

Decl."), establish the elements of a fraud claim under Michigan law, and Plaintiff is otherwise entitled to a default judgment against each Individual Defendant as it relates to the specific loan applications they each submitted to Rocket Mortgage.

## FACTUAL BACKGROUND

Rocket Mortgage and Defendant Everest Lending Group, LLC ("Broker") entered into a Broker Agreement dated June 1, 2021  ("Agreement"). [Plaintiff's Decl., ¶ 3].  The Individual Defendants, who upon information and belief were and/or are officers, members, managers, and/or employees of Broker, thereafter submitted nine (9) loan applications to Rocket Mortgage for underwriting ("the Applications").  [Plaintiff's Decl. ¶ 4].  Specifically, Patel submitted 4 of the Applications and Dhakal submitted 5 of the Applications.  [Plaintiff's Decl. ¶ 5]. Rocket Mortgage thereafter approved the Applications and, in reliance upon the information therein and supporting documents, originated nine (9) loans to borrowers (collectively, "the Subject Loans").  [Plaintiff's Decl. ¶ 6].

Following the closing of the Subject Loans, Rocket Mortgage conducted an investigation and concluded that submission of the Applications was part of a deliberate mortgage fraud scheme orchestrated by the Individual Defendants. [Plaintiff's Decl. ¶ 7].  More specifically, and unbeknownst to Rocket Mortgage prior to originating the Subject Loans, the Applications and documents submitted in support thereof contained misrepresentations relating to the borrowers' present

and/or future income and employment status. [Plaintiff's Decl. ¶ 9]. The misrepresentations specific to each of the Subject Loans, as well as the particular Individual Defendant that submitted each Application, are described in the Chart of Subject Loans attached as **Exhibit 2 to Plaintiff's Declaration**. [Plaintiff's Decl. ¶ 10]. Rocket Mortgage reasonably relied upon the misrepresentations contained within the Applications and supporting documentation by originating the Subject Loans and, with respect to eight (8) of the Subject Loans, thereafter selling the Subject Loans to third-party investors in accordance with Rocket Mortgage's ordinary and customary business practices. [Plaintiff's Decl. ¶ 11]. While the remaining Subject Loan was initially held from trade to an investor due to the discovery of the fraud, Rocket Mortgage still was forced to later sell that loan at a discounted price compared to what it would have been able to sell the loan for absent the Individual Defendants' fraud. [Plaintiff's Decl. ¶ 13]. As a result, Rocket Mortgage has suffered losses on the Subject Loans in the collective amount of $471,820, exclusive of interest, costs, and attorney fees, of which $189,596.71 is attributable to Applications submitted by Patel and $282,223.29 of which is attributable to Applications submitted by Dhakal.

Both Individual Defendants have been lawfully served with process in accordance with the Federal Rules of Civil Procedure 4(h)(1)(B) and previously appeared in this matter through counsel. However, after prior counsel was granted

leave to withdraw, the Individual Defendants have failed to appear before the Court despite multiple opportunities and the Court has now entered a default against both of the Individual Defendants. [PageID.199-200]. Rocket Mortgage now moves for a Judgment by Default against both Individual Defendants pursuant to Fed. R. Civ. P. 55(b)(2).

## STANDARD OF REVIEW

"When a defendant is in default, the well pleaded factual allegations in the Complaint, except those relating to damages, are taken as true." *Ford Motor Co. v. Cross,* 441 F. Supp.2d 837, 848 (E.D. Mich. 2006) (citing in part *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-111 (6th Cir. 1995)). "Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." *Antoine, supra* at 110.

## LIABILITY

As alleged in the First Amended Complaint, the misrepresentations made in connection with the Applications constitute actionable fraud by the Individual Defendants due to their personal and knowing participation in the fraudulent conduct.[2]

---

[2] Dhakal did not sign the Agreement. Individual Defendant Patel only signed the Agreement in his capacity as President of Broker and therefore is presumed not to be bound by the contract individually. *See Livonia Bldg. Materials Co. v. Harrison Constr. Co.,* 276 Mich. App. 514; 742 N.W.2d 140, 146 (2007) (explaining that where a corporate signatory intends to be bound in his or her individual capacity,

As an initial matter, Broker's organization as a limited liability company does not shield either Individual Defendant from liability for their own fraud.  "It is a familiar principle that the agents and officers of a corporation are liable for torts which they personally commit, even though in doing so they act for the corporation, and even though the corporation is also liable for the tort."  *Hartman & Eichhorn Bldg. Co., Inc. v. Dailey*, 266 Mich. App. 545, 549; 701 N.W.2d 749 (2005), quoting *Warren Tool Co. v. Stephenson*, 11 Mich. App. 274, 300; 161 N.W.2d 133 (1968). *See also Attorney Gen. v. Ankerson*, 148 Mich. App. 524, 557; 385 N.W. 2d 658 (1986) ("It is beyond question that a corporate employee or official is personally liable for all tortious or criminal acts in which he participates, regardless of whether he was acting on his own behalf or on behalf of the corporation").  Here, the First Amended Complaint, as well as the attached Declaration, contain allegations that both Individual Defendants actively and knowingly participated in a mortgage fraud scheme and, thus, they each can be held individually liable for the misrepresentations they made by virtue of submitting the Applications to Rocket Mortgage under their respective mortgage originator licenses.

Plaintiff's First Amended Complaint also contains sufficient allegations to establish fraud by the Individual Defendants.  To establish a fraud claim, Plaintiff

---

"the nearly universal practice is that the officer signs twice – once as an officer and again as an individual.").

must demonstrate: "(1) [t]hat defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury." *Prime Rate Premium Finance Corporation v. Larson*, 226 F.Supp.3d 858, 868 (ED. Mich. 2016) (citations omitted).

Here, by submitting the Applications for the Subject Loans with falsified, fabricated, and otherwise fraudulent information, the Individual Defendants personally made material misrepresentations to Rocket Mortgage that they knew were false. They also made those false representations with the intent that Rocket Mortgage rely upon them, and Rocket Mortgage did in fact reasonably rely upon the misrepresentations by funding the Subject Loans. These allegations, found in the First Amended Complaint, are admitted as true by virtue of the Individual Defendants' default. Thus, Plaintiff has established the Individual Defendants' liability for intentional fraud.

## **DAMAGES AND RELIEF REQUESTED**

The measure of actual damages in an action founded upon fraud was aptly stated as follows by the Michigan Supreme Court, to-wit:

The proper rule of damages in this case is set forth in 24 Am.Jur., Fraud and Deceit, § 227:

> The great weight of authority sustains the general rule that a person acquiring property by virtue of a commercial transaction, who has been defrauded by false representations as to the value, quality, or condition of the property, may recover as damages in a tort action the difference between the actual value of the property at the time of making the contract and the value that it would have possessed if the representations had been true. In other words, the defrauded party is entitled to recover the difference between the real and the represented value.

*Paquin v. Van Houtum*, 343 Mich. 111, 123; 72 N.W.2d 169 (1955). Therefore, as against the Individual Defendants, Rocket Mortgage is entitled to the value of the loans in the marketplace in the absence of the defects created by the Individual Defendants' fraud. Rocket Mortgage also is entitled to any incidental or consequential damages occasioned by the fraud. *See Fagerberg v. LeBlanc*, 164 Mich. App. 349, 357; 416 N.W.2d 438 (1987).

Here, as stated, Rocket Mortgage's actual damages for fraud have been established by a re-sale of the Subject Loans in the secondary market. Stated differently, Rocket Mortgage is entitled to the difference in value of the Subject Loans without the defects occasioned by the Individual Defendants' fraud versus the value of the Subject Loans with the defects occasioned by the Individual Defendants' fraud. Therefore, the Individual Defendants are liable to Rocket Mortgage for the losses it sustained on the subsequent re-sale of the Subject Loans in the secondary market and the additional consequential damages relating to same.

The amount of principal damages being claimed on the Subject Loans, as well as the formula by which Rocket Mortgage calculated same, as well as the Individual Defendant against whom such damages are sought, is set forth in Plaintiff's Decl. and Exhibit 2 thereto.  [Plaintiff's Decl. ¶¶ 10-16].  The total damages on the Sold Loans total $471,820.  Of that amount, Rocket Mortgage seeks $189,596.71 against Patel and $282,223.29 against Dhakal, which amounts reflect the collective damages on the Subject Loans that each Individual Defendant personally submitted to Rocket Mortgage.  [*See* Exhibit 2 to Plaintiff's Declaration].

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment by default against the Individual Defendants, severally, in the amount of $282,223.29 against Dhakal and in the amount of $189,596.71 against Patel.

Dated:        December 6, 2024             Respectfully submitted,

*/s/ Matthew Mitchell*
Matthew Mitchell (P69810)
Maddin, Hauser, Roth & Heller, P.C.
One Towne Square, Fifth Floor
Southfield, MI 48076
(248) 827-1874
mmitchell@maddinhauser.com
*Attorneys for Rocket Mortgage, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROCKET MORTGAGE, LLC,

        Plaintiff,

v.

EVEREST LENDING GROUP, LLC,
ARPITKUMAR PATEL and KAMAL
DHAKAL,

        Defendants.

Case No. 23-10575
Hon. Laurie J. Michelson
Magistrate Judge Anthony P. Patti

---

**<u>INDEX OF EXHIBITS</u>**

Exhibit A    Declaration of Rocket Mortgage

1