UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCKET MORTGAGE, LLC,

Plaintiff,

v.

EVEREST LENDING GROUP, LLC,
ARPITKUMAR PATEL, and
KAMAL DHAKAL,

Defendants.

Case No. 23-10575
Honorable Laurie J. Michelson

**ORDER GRANTING ROCKET MORTGAGE'S UNOPPOSED MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS ARPITKUMAR PATEL AND KAMAL DHAKAL [46]**

In March of 2023, Rocket Mortgage, LLC, sued Everest Lending Group, LLC, Arpitkumar Patel, and Kamal Dhakal for breach of contract, alleging that Defendants obtained numerous mortgage loans based on fraudulent loan applications. (ECF No. 1.) The case proceeded smoothly for the first year of litigation—the parties engaged in discovery, agreed that Rocket Mortgage would amend its complaint (ECF No. 21), and stipulated to extend their scheduling order pending private mediation (ECF No. 27). More recently, things changed course. In April of 2024, Defendants' counsel withdrew (*see* ECF No. 32) following "a complete breakdown in the attorney-client relationship" (ECF No. 29, PageID.174; *see also* ECF Nos. 30, 31); in July of 2024, the case was stayed as to Defendant Everest Lending Group, LLC, after it filed for bankruptcy (ECF No. 36); and in August of 2024, the Clerk of Court entered defaults against individual defendants Patel and

Dhakal (ECF Nos. 40, 41) upon the Court's order (ECF No. 39) after they failed to appear for a status conference, then failed to show cause for that failure to appear (*see* ECF No. 37); Fed. R. Civ. P. 55(a). These individual defendants made no effort to set the defaults aside.

So on December 6, 2024, Rocket Mortgage moved for a default judgment against both Patel and Dhakal under Federal Rule of Civil Procedure 55(b)(2). (ECF No. 46.) More than 21 days have passed without a response from either defendant. *See* E.D. Mich. LR 7.1(c), (e). The Court finds that oral argument is not needed to resolve the unopposed motion. *See* E.D. Mich. LR 7.1(f); *see also* 10A Charles Alan Wright et al., Federal Practice and Procedure § 2688 (4th ed. 2024) ("Rule 55 does not require that testimony be presented as a prerequisite to the entry of a default judgment, and the court has discretion to determine whether a hearing is necessary.").

Rocket Mortgage has shown it is entitled to default judgment against Patel and Dhakal. Its unopposed motion demonstrates that the Court has jurisdiction (*see* ECF No. 46, PageID.212 n.1), that Patel and Dhakal were properly served under Rule 4[1] (*see id.* at PageID.214), and that the well-pled allegations in its complaint state a claim upon which relief may be granted (*see id.* at PageID.212–213). *See Ayers v. Receivables Performance Mgmt., L.L.C.*, No. 15-12082, 2016 WL 5402962, at *1–2 (E.D. Mich. Sept. 28, 2016) (granting default judgment after concluding that plaintiff

[1] Indeed, as Rocket Mortgage notes, both individual defendants previously appeared in this action through counsel (ECF No. 46, PageID.214), not to mention answered Rocket Mortgage's amended complaint (*see* ECF No. 22).

made a prima facie showing of jurisdiction); *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) ("[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant."); *Gen. Conf. Corp. of Seventh-Day Adventists v. McGill*, 617 F.3d 402, 407 (6th Cir. 2010) (explaining that a plaintiff seeking a default judgment has the burden of establishing that the allegations in the complaint, taken as true, are sufficient to state a claim for relief); *see also Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 845 (E. D. Mich. 2006) ("Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint, including jurisdictional averments." (quoting *In re Visioneering Constr.*, 661 F.2d 119, 124 (9th Cir. 1981)).

The motion further establishes that Rocket Mortgage has suffered damages in the amount of $471,820.00, exclusive of interest, costs, and attorney fees (*see* ECF No. 46, PageID.214–219; ECF No. 46-1), thus satisfying its burden as to both liability and damages, *see Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (explaining that "allegations in the complaint with respect to the amount of the damages are not deemed true" on a motion for default judgment and that the Court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty"); *McIntosh v. Check Resol. Serv., Inc.*, No. 10-14895, 2011 WL 1595150, at *3 (E.D. Mich. Apr. 27, 2011) ("An evidentiary hearing [to determine the plaintiff's damages amount on a motion for default judgment] is unnecessary if sufficient evidence is submitted to support the request for damages or if the amount claimed is one capable of ascertainment from definite figures in the documentary evidence or affidavits."

(citations omitted)). Rocket Mortgage specifies that, of its total damages, Dhakal is responsible for $282,223.29 and Patel is responsible for $189,596.71, and, again, these Defendants have offered no disagreement. In turn and pursuant to Michigan Compiled Laws § 600.6304, liability "is several only and not joint." *See* Mich. Comp. Laws § 600.6304(4).

Accordingly, Rocket Mortgage's motion for default judgment (ECF No. 46) is GRANTED as to Arpitkumar Patel and Kamal Dhakal for the reasons stated therein. The Court finds that Rocket Mortgage is entitled to recover $471,820.00, exclusive of interest, costs, and attorney fees, of which $282,223.29 is owed by Dhakal and of which $189,596.71 is owed by Patel. Judgment is entered as follows:

1. Judgment is entered against Defendants Arpitkumar Patel and Kamal Dhakal, severally, in favor of Plaintiff Rocket Mortgage, LLC, in the amount of $282,223.29 against Dhakal and in the amount of $189,596.71 against Patel.

SO ORDERED.

Dated: January 3, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE