UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCKET MORTGAGE, LLC,

    Plaintiff,

v.

EVEREST LENDING GROUP, LLC,
ARPITKUMAR PATEL, and
KAMAL DHAKAL,

    Defendants.

Case No. 23-10575
Honorable Laurie J. Michelson

**ORDER DENYING ROCKET MORTGAGE'S MOTION FOR AN ORDER DIRECTING THE CLERK TO ENTER FINAL DEFAULT JUDGMENTS AGAINST INDIVIDUAL DEFENDANTS ARPITKUMAR PATEL AND KAMAL DHAKAL [49]**

In March of 2023, Rocket Mortgage, LLC, sued Everest Lending Group, LLC, Arpitkumar Patel, and Kamal Dhakal for allegedly obtaining numerous mortgage loans based on fraudulent loan applications. (*See* ECF Nos. 1, 21.) The lender sues Everest for fraud in the inducement (ECF No. 21, PageID.131–133) and Patel and Dhakal for fraud (*id.* at PageID.133–134).[1] In July of 2024, the case was stayed as to Defendant Everest Lending Group after it filed for bankruptcy (ECF No. 36), and in January of 2025, the Court granted Rocket Mortgage's unopposed motion for default judgment against individual defendants Patel and Dhakal (ECF No. 48 (citing Fed. R. Civ. P. 55(b)(2))). The Court entered a default judgment against Patel and Dhakal,

---

[1] Although not relevant here, Rocket also brings claims of breach of contract and breach of express indemnity agreement against Everest only. (ECF No. 21, PageID.129–131.)

severally, in the amount of $189,596.71 against Patel and $282,223.29 against Dhakal. (*Id.* at PageID.261.) Because the judgment remains non-final absent a further ruling from this Court, *see* Fed. R. Civ. P. 54(b), Rocket Mortgage now moves for an order directing the clerk to enter final default judgments against Patel and Dhakal (ECF No. 49).

But the risk of inconsistent judgments is too great for the Court to grant Rocket Mortgage's motion. *See, e.g.*, *MSC Mediterranean Shipping Co., S.A. v. Intermodal Cartage Co.*, LLC, No. 20-2684, 2021 WL 6754744, at *2 (W.D. Tenn. Sept. 10, 2021) ("[The Supreme Court] cautions against allowing the possibility of inconsistent judgments within the same suit." (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872))); *cf. Garcia v. Beaumont Health*, No. 19-11673, 2020 WL 5249205, at *1 (E.D. Mich. Sept. 3, 2020) ("To avoid inconsistent judgments, courts have postponed entering default judgments in multi-defendant actions until the liability of the answering defendants has been adjudicated." (citing *Nautilus Ins. Co. v. I.L.S. Gen. Contractors, Inc.*, 369 F. Supp. 2d 906, 908-909 (E.D. Mich. 2005))); *see also Corrosioneering, Inc. v. Thyssen Env't Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986) ("Rule 54(b) is not to be used routinely, or as a courtesy or accommodation to counsel. The power which this Rule confers upon the trial judge should be used only 'in the infrequent harsh case' as an instrument for the improved administration of justice." (citation modified)).

Rocket Mortgage principally contends that it had a written "Broker Agreement" with Everest Lending Group, which was signed by Patel on Everest's

behalf (ECF No. 21, PageID.118 (citing ECF No. 1-1)); that Everest submitted nine loan applications under that Agreement (*id.* at PageID.125), with four submitted by Patel and five submitted by Dhakal (ECF No. 46, PageID.213 (citing ECF No. 46-1, PageID.223)); that all three defendants willfully and knowingly made false material representations in those applications (ECF No. 21, PageID.125–126, 132–133); and that Rocket granted the applications and funded the nine loans in reliance on that false information (*id.* at PageID.125, 132–133). These allegations suggest substantial overlap in the facts and proofs underlying Rocket Mortgage's fraud claims. (*Compare, e.g.*, ECF No. 21, PageID.132 (alleging that Everest Lending Group "maliciously, deliberately, recklessly, and/or willfully making false material representations of its future conduct and intentions, with respect to, among other things, . . . the borrowers' income and employment"), *with id.* at PageID.133 (alleging that Patel and Dhakal "maliciously, deliberately, recklessly, and/or willfully making false material representations of fact with respect to, among other things, the borrowers' qualifying income and employment"). *See also id.* at PageID.125 ("[Everest], with full knowledge and active participation by Patel and Dhakal, submitted Loan applications that misrepresented the borrowers' present and/or future income, employment status, and intentions and supported these fraudulent loan applications with documents that were misleading, untrue, fabricated, altered and otherwise fraudulent.").) In turn, in the course of defending against Rocket Mortgage's fraud claim (assuming the lender pursues it after the bankruptcy proceedings conclude), Everest Lending Group may

3

well present evidence that undermines not only its own liability but also the liability of Patel and Dhakal.[2]

It is thus appropriate that the default judgments against Patel and Dhakal remain non-final, allowing them to "be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see N. Am. Specialty Ins. Co. v. Titan Retail Dev. Indus., LLC*, No. 20-10539, 2021 WL 2231247, at *2 (E.D. Mich. May 14, 2021) (recommending denial of plaintiff's Rule 54(b) motion to certify default judgments as final judgments and reasoning in part that "[t]he adjudicated and unadjudicated claims — all of which . . . arise primarily out of the Indemnity Agreement and its alleged fraudulent execution — are substantially intertwined"), *report and recommendation adopted*, 2021 WL 2226472 (E.D. Mich. June 2, 2021); *Corrosioneering*, 807 F.2d at 1283

---

[2] Rocket Mortgage contends that its fraud claims are "different in kind" because its fraud in the inducement claim against Everest "relates to Broker's representations to Rocket Mortgage before it executed the Broker Agreement" while "the fraud alleged against the Individual Defendants [is] in connection with specific loans." (ECF No. 49, PageID.273 n.1.) Plaintiff is right that "the claim [of fraudulent inducement] is that one party was tricked into contracting." *Llewellyn-Jones v. Metro Prop. Grp., LLC*, 22 F. Supp. 3d 760, 778–79 (E.D. Mich. 2014). And Rocket Mortgage does allege, in part, that Everest defrauded Rocket "on the date the Broker submitted its Wholesale Application to be part of Rocket Mortgage's program[] and . . . on the date the Agreement was executed." (ECF No. 21, PageID.131–132.)

But Rocket also seems to specifically allege that Everest defrauded Rocket "on the dates and at the time the applications and other documents relating to the Loans were submitted" (*id.* at PageID.131), i.e., in connection with the loan applications Everest submitted under the parties' long-since-executed Agreement. Whether those factual allegations are cognizable under a fraudulent inducement claim is not a question presently before the Court. And Rocket Mortgage may mean to cabin its fraudulent inducement claim in a way not readily apparent on the pleadings. But for now, and as the Court understands them, Rocket Mortgage's fraud claims appear to implicate overlapping facts.

(identifying "nonexhaustive list of factors which a district court should consider when making a Rule 54(b) determination," including "the relationship between the adjudicated and unadjudicated claims"); *see also Hitachi Med. Sys. Am., Inc. v. Horizon Med. Grp.*, No. 07-02035, 2008 WL 5704471, at *3 (N.D. Ohio Jan. 28, 2008) (explaining that "[t]he concern" under Rule 54(b) "is with preventing the risk of inconsistent adjudications," such that "[t]he relevant distinction . . . is not whether liability is joint or joint and several" but "whether under the theory of the complaint, liability of all the defendants must be uniform").

Accordingly, Rocket Mortgage's motion for an order directing the clerk to enter final default judgments against Patel and Dhakal (ECF No. 49) is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Dated: December 12, 2025

                                                     s/Laurie J. Michelson
                                                     LAURIE J. MICHELSON
                                                     UNITED STATES DISTRICT JUDGE